NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| LEONARD FORD, | : | Civil Action No. 18-3137 (RMB) |
|  | : |  |
|           Petitioner | : |  |
|  | : |  |
|       v. | : | **OPINION** |
|  | : |  |
| GEORGE O'ROBINSON and | : |  |
| ATTORNEY GENERAL | : |  |
| OF THE STATE OF NEW JERSEY, | : |  |
|  | : |  |
|           Respondents | : |  |
|  | : |  |

**BUMB, United States District Judge**

On February 27, 2018,[1] Petitioner Leonard Ford, a state prisoner incarcerated in Northern State Prison in Newark, New, Jersey, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person In State Custody, challenging his May 2009 conviction and sentence in Atlantic County, New Jersey for aggravated manslaughter. (Pet., ECF No. 1, ¶¶1-5.) This Court ordered Respondents to file either a motion to dismiss on timeliness grounds or a full answer to the merits of the petition. (Order, ECF No. 2.)

---

[1] Under the prisoner mailbox rule, a pro se prisoner's habeas petition is deemed filed at the moment it is delivered to prison officials for mailing. Burns v. Morton, 134 F.3d 109, 113 (3rd Cir. 1998); see (Pet. at 16, ECF No. 1.)

This matter comes before the Court upon Respondents' motion to dismiss the petition as barred by the statute of limitations, (Mot. to Dismiss, ECF No. 5), and Petitioner's brief in opposition to the motion to dismiss. ("Petr's Opp. Brief," ECF No. 7.)

I.    PROCEDURAL HISTORY

Petitioner pled guilty to aggravated manslaughter on March 30, 2009. (Mot. to Dismiss, Ex. 1, ECF No. 5-2.) A Judgement of Conviction was entered against Petitioner in the New Jersey Superior Court Law Division in Atlantic County on May 8, 2009, at which time he was sentenced to a 22-year term of imprisonment, subject to an 85% parole disqualifier. (Pet. ¶¶1-5, ECF No. 1.) Plaintiff filed a direct appeal on July 21, 2009, arguing his sentence was manifestly excessive. (Mot. to Dismiss, Ex. 2, ECF No. 5-3.) The appeal was denied by the New Jersey Superior Court, Appellate Division on June 28, 2011. (Mot. to Dismiss, Ex. 3, ECF No. 5-4.) Petitioner filed a petition for certification with the New Jersey Supreme Court, and the New Jersey Supreme Court denied review on January 10, 2012. (Mot. to Dismiss, Ex. 4, ECF No. 5-5.)

Petitioner filed a petition for post-conviction relief ("PCR") in the Superior Court of New Jersey, Law Division on January 10, 2013. (Mot. to Dismiss, Ex. 5, ECF No. 5-6.) The PCR Court denied the petition on October 6, 2014. (Mot. to Dismiss, Ex. 6, ECF No. 5-7.) Petitioner filed an appeal on December 19,

2014. (Mot. to Dismiss, Ex. 7, ECF No. 5-8.) The New Jersey Superior Court, Appellate Division denied the appeal on April 11, 2016. (Mot. to Dismiss, Ex. 8, ECF No. 5-9.) Petitioner sought review by the New Jersey Supreme Court; and the New Jersey Supreme Court denied his petition for certification on September 11, 2017. (Mot. to Dismiss, Ex. 9, ECF No. 5-10.) Petitioner filed the instant petition on February 27, 2018. (Pet. at 16, ECF No. 1.)

II. DISCUSSION

A. The Parties' Arguments

Respondents submit that the habeas petition is time-barred under 28 U.S.C. § 2244(d)(1). (Mot. to Dismiss at 1, ECF No. 5.) The statute of limitations for petitions under § 2254 is one year. 28 U.S.C. § 2244(d). Respondents assert that direct review became final and the one-year limitations period began on April 12, 2012, 90 days after the New Jersey Supreme Court denied certification on direct review. (Id. at 5.)

Petitioner filed a PCR petition on January 10, 2013, after 274 days of the limitations period lapsed. (Id.) PCR review became final when the New Jersey Supreme Court denied the petition for certification on September 11, 2017. (Id. at 6.) Respondent asserts Petitioner filed his habeas petition on February 22, 2018, after 164 days lapsed since his PCR review became final. (Id.) By adding the 274 days that lapsed after direct review but before Petitioner filed his PCR petition and the 168 days that lapsed after PCR

3

review became final before Petitioner filed his habeas petition, Respondents allege 438 days lapsed, and Plaintiff did not timely file his habeas petition. (Id.)

In opposition to Respondent's motion to dismiss, Petitioner admits his petition was submitted beyond the one-year statute of limitations period. (Petr's Opp. Brief, ECF No. 7 at 1-2.) Petitioner contends it would be a serious injustice to allow him to serve a sentence for aggravated manslaughter where he was coerced into pleading guilty and "he is innocent, according to the evidence compared to the case law." (Id. at 3.)

B.   Legal Standard

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

4

> Court and made retroactively applicable
> to cases on collateral review; or
>
> (D) the date on which the factual
> predicate of the claim or claims
> presented could have been discovered
> through the exercise of due diligence.
>
> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the
> pertinent judgment or claim is pending shall
> not be counted toward any period of limitation
> under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). A properly-filed application for post-conviction relief tolls the habeas statute of limitations under 28 U.S.C. § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408, 410 (2005).

Equitable tolling applies to the one-year statute of limitations under 28 U.S.C. § 2244(d) in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Convincing evidence of actual innocence, under the same miscarriage of justice exception that excuses procedurally defaulted habeas claims, may also excuse the failure to timely file a habeas petition. McQuiggin v. Perkins, 569 U.S. 383, 396-98 (2013). "[A] petitioner 'must show that it is more likely than not that no reasonable juror would have convicted

him in the light of the new evidence." Id. at 399 (quoting Schlup

v. Delo, 513 U.S. 298, 327 (1995)). The Supreme Court has stated

that "'[w]ithout any new evidence of innocence, even the existence

of a concededly meritorious constitutional violation is not in

itself sufficient to establish a miscarriage of justice that would

allow a habeas court to reach the merits of a barred claim.'"

Coleman v. Greene, 845 F.3d 73, 76 (3d Cir. 2017) (quoting Schlup,

513 U.S. at 316.))

    C.    Analysis

        1.    The petition was untimely filed.

Direct review of Petitioner's conviction and sentence became

final on April 12, 2012, 90 days after the New Jersey Supreme Court

denied his petition for certification on direct appeal on January

10, 2012.[2]  The statute of limitations began to run on April 13,

_____

[2] Federal Rule of Civil Procedure 6(a)(1)(A) provides that:

> (a) Computing Time. The following rules apply
> in computing any time period specified in
> these rules, in any local rule or court order,
> or in any statute that does not specify a
> method of computing time.
>
> > (1) Period Stated in Days or a Longer
> > Unit. When the period is stated in days
> > or a longer unit of time:
> >
> > > (A) exclude the day of the event
> > > that triggers the period[.]

2012. Petitioner filed his PCR petition on January 10, 2013, at which time 272 days of the one-year habeas statute of limitations period had lapsed. The statute of limitations was tolled during the pending PCR proceedings, which became final on September 11, 2017. When Petitioner filed his habeas petition on February 27, 2018, 168 days had lapsed since his PCR proceedings became final. The statute of limitations ran for 440 days, more than one-year before Petitioner filed his habeas petition.

     2.   <u>Equitable tolling</u>

Petitioner has not submitted new evidence showing his actual innocence of aggravated manslaughter, a charge to which he pled guilty. Instead, he alleges

> [t]hroughout the discovery of evidence in this case, no malice was shown towards the victim or the witnesses; therefore "purposely or knowingly causing death under circumstances manifesting extreme indifference to human life" is not present; is not true; and does not apply to this case. The Petitioner is definitely not guilty of the charge of Aggravated Manslaughter. Private counsel James Leonard Jr. Esq. admitted to advising the Petitioner to plea guilty to that charge- a charge of which the evidence does not support. The type of "reckless conduct" displayed on the part of the Petitioner is that of which is described in Reckless Manslaughter in terms of "honest belief" along with "reasonable belief or unreasonable belief" that his life was in danger and he was forced to protect himself from serious bodily harm. Also "self-defense" due to the witnesses admitting that, along with the victim, they planned to scare the Petitioner.

7

(Petr's Opp. Brief, ECF No. 7 at 3.)

Petitioner alleged ineffective assistance of counsel in his PCR petition in state court, and the court denied relief. See State v. Ford, 2016 WL 1396296 (N.J. Super. Ct. App. Div. April 11, 2016). On PCR appeal, the Appellate Division made the following factual determinations:

> Defendant was indicted for first-degree murder, *N.J.S.A.* 2C:11-3(a)(1),(2); second-degree possession of a handgun for an unlawful purpose, *N.J.S.A.* 2C:39-4(a); third-degree possession of a handgun, *N.J.S.A.* 2C:39-5(b); and two counts of fourth-degree aggravated assault, *N.J.S.A.* 2C:12-1(b)(4).
>
> He entered a guilty plea to first-degree aggravated manslaughter, *N.J .S.A.* 2C:11-4(a), admitting that on May 13, 2008, he shot the victim, Mr. Cottman, in the "neck and head area" killing him. The remaining charges were dismissed, and defendant was sentenced to twenty-two years in prison subject to an eighty-five percent parole disqualifier pursuant to the No Early Release Act. *N.J.S.A.* 2C:43-7.2. Defendant appealed only the length of his sentence, and we affirmed in an order. *State v. Ford,* No. A-5733-08 (App. Div. June 29, 2011), *cert. denied,* 209 *N.J.* 97 (2012). At the PCR hearing, the State called defense counsel, who testified he went over the proofs with defendant and ruled out both second-degree reckless manslaughter and self-defense as viable options. Defendant shot the unarmed victim when the victim told him he wanted to fight him in a fair fight. The victim was taking his shirt off when defendant shot him in the head. The two other men present in the basement of the housing complex where the killing took place were also unarmed. Judge Connor found defense counsel to be credible and found defendant's contrary testimony not credible.

At the PCR hearing defendant did not deny that he gave a factual basis for aggravated manslaughter, nor did he raise that issue on direct appeal.

Id. at *1.

Petitioner raised the following issues on PCR appeal: (1) Petitioner's plea to aggravated manslaughter lacked a proper factual basis; (2) Petitioner killing Cottman was in self-defense, therefore, his defense counsel was ineffective for failing to advise Petitioner to plead guilty to aggravated manslaughter; (3) defense counsel was ineffective for failing to advise Petitioner that the lesser-included offense of manslaughter carried a maximum sentence of ten years; (4) Petitioner met his burden for ineffective assistance of counsel under Strickland at the evidentiary hearing; and (5) Petitioner was denied effective assistance of counsel because his attorney failed to provide essential services. Ford, 2016 WL 1396296, at *1.

The Appellate Division denied all but one of Petitioner's claims for the same reasons given by the PCR Court in its Opinion.[3] Id. at *2. The Appellate Division found the factual basis for Petitioner's plea was sufficient. Id. The Court held, "[s]hooting an unarmed man in the head or neck area point-blank satisfies the definition of aggravated manslaughter: 'The fact that defendant

---

[3] The PCR Court's Opinion is not in the record in this matter.

9

did not explicitly admit to his extreme indifference to human life is of no moment.' The facts he described in his plea allocution manifested such an indifference." Ford, 2016 WL 1396296, at *2.

Petitioner has not alleged new evidence of actual innocence of aggravated manslaughter. Instead, he seeks habeas review based on the same allegations of ineffective assistance of counsel he made in his PCR proceedings, which were denied after an evidentiary hearing, and the denial was affirmed on appeal. Petitioner has failed to meet the McQuiggin standard for actual innocence based on new evidence to excuse his untimely habeas petition.

III. CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

For the reasons discussed above, jurists of reason could not disagree that Petitioner's habeas petition is barred by the one-

year statute of limitations, and that Petitioner has not sufficiently alleged actual innocence to excuse the untimely filing of his petition. Therefore, the Court will deny a certificate of appealability.

IV.  CONCLUSION

For the reasons discussed above, Respondents' motion to dismiss will be granted

An appropriate order follows.

Dated: October 25, 2018

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
